

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady, Commissioner
Department of Banking
Austin, Texas

Dear Sir:

Opinion No. O-2719
Re: Traveling expenses —
State's business.

This will acknowledge receipt of your letter of
September 6, 1940, wherein you submit for the opinion of
this department the following questions:

1. Is the conference of banking com-
missioners relative to the matter described
in your letter a convention within the pro-
hibition of Senate Bill No. 427, Acts of
the 46th Legislature?

2. Will the attendance upon this con-
ference by the banking commissioner consti-
tute "state business directly concerning"
the Department of Banking, within the mean-
ing and purview of the rider appended to
Senate Bill 427, Acts of the 46th Legisla-
ture?

We quote the following paragraphs from your let-
ter:

"Under date of May 22, 1940, the Hon-
orable Robert F. Wagner, Chairman of the
Senate Committee on Banking and Currency,
addressed to each of the Banking Commis-
sioners of the several states a question-
naire of approximately fifty pages.

"The questions propounded were de-
signed to elicit information relative to
the supervision of banking institutions,

banking practices and monetary policies
generally. The object seemingly was to
assemble sufficient information upon
which to base national legislation and
to facilitate cooperation between the
state banking system and the national
banking system. Needless to say, the
importance of this project cannot be
underestimated. It is essential that
the information derived from these
questionnaires should be furnished and
that such information should be accurate.
It is the thought of the several Commis-
sioners of Banking with whom I have had
contact that it would be to the best in-
terest of the state banking system that
these questions, insofar as is possible,
should be answered harmoniously, and
that a conference to that end should
be held. The National Association of
Supervisors of State Banks is an organ-
ization of the banking commissioners of
the several states. Formerly the Bank-
ing Department of Texas was a member of
this Association. We are not now a mem-
ber. That Association has its annual
meeting on September 18, at Richmond,
Virginia, and due to the fact that it
will be attended by most of the Banking
Commissioners of the nation it has been
decided to hold a conference relative to
the questionaire at Richmond during this
meeting. I feel that it is to the in-
terest of the Banking Department of this
State, and of the state banks organized
under our laws, that I, as Banking Commis-
sioner, should attend this conference."

If it should be held that the purpose of this
trip is not the accomplishment of "State business direct-
ly concerning" the Banking Department of the State of
Texas, whether the meeting is a "convention" within the
prohibition of the rider appended to Senate Bill No. 427,
Acts of the 46th Legislature, becomes immaterial. We
therefore undertake to pass upon your second question
first.

The powers and duties of the Banking Commissioner are prescribed by law. He is charged by law with the supervision of certain classes of financial institutions in this State, as banks, building & loan associations, etc. His duties in this respect are executive or administrative, not legislative, in character. He has no powers or duties save those which are conferred by law, expressly or by implication.

The rider to Senate Bill No. 427, Acts of the 46th Legislature, provides in part as follows:

"No traveling expenses shall be incurred by any employee of any of the departments, or other agencies of the government, outside of the boundaries of the State of Texas, except for State business directly concerning his own department or agency * * *."

"Except as otherwise specifically exempted, the provisions of this act shall also apply to department heads and members of commissions."

There is no exemption of the Banking Commissioner.

"State business directly concerning" a State department is that business which has an immediate, rather than a remote, relation to the discharge of the powers and duties of such department.

The business to be transacted by you at the meeting described has no immediate relation to the discharge of your function of supervision of financial institutions in this State. In itself, it does not constitute the discharge of any power or duty in respect to such supervision. Neither is it calculated or designed, under the statements made in your letter, in any respect to aid or assist you in the discharge of any power or duty imposed by law upon your department. We therefore hold that the trip proposed is not for "State business directly concerning" the Banking Department. This answer renders a reply to your first question unnecessary.

APPROVED SEP 12, 1940

Yours very truly

RWF:RS
APPROVED ATTORNEY GENERAL OF TEXAS
opinion committee
By  WJB
chairman

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant